**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| **EDMUND MARTIN and** | ) | |
| **MARION MARTIN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 1:10-cv-01269** |
| **v.** | ) | |
| | ) | |
| **BANKERS LIFE AND CASUALTY** | ) | |
| **COMPANY, INC. and** | ) | |
| **SANDRA WOOD as Agent, Servant** | ) | |
| **and Employee of Bankers Life and** | ) | |
| **Casualty Company, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## NOTICE OF REMOVAL

**COMES NOW** Defendant Bankers Life and Casualty Company ("Bankers Life" or "Defendant")[1], by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1441, hereby gives notice of the removal of this action to the United States District Court for the Western District of Tennessee, Eastern Division.  As grounds for this removal, Defendant states as follows:

1.      On September 1, 2010, Plaintiffs Edmund Martin and Marion Martin ("Plaintiffs") commenced a civil action against the defendants in the Circuit Court of Madison County, Tennessee, now pending as Case No. C-10-259.  The Circuit Court of Madison County, Tennessee is a state court within this judicial district and division.

---

[1] Bankers Life is incorrectly named by Plaintiffs as "Bankers Life and Casualty Company, Inc."

1/2089814.1

2.     A copy of "all process, pleadings, and other orders served upon...defendants" is attached hereto as composite **Exhibit A**.  28 U.S.C. § 1446(a).  There has been no other process, pleadings, or orders served to date other than those contained in **Exhibit A**.

3.     This notice of removal is timely pursuant to 28 U.S.C. § 1446(b), which provides in pertinent part, as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

4.     Defendant Wood was served with the Summons and Complaint on September 9, 2010.  Bankers Life was served with the Summons and Complaint on September 15, 2010.  Therefore, this notice of removal is timely because it is filed within thirty (30) days of service of the Summons and Complaint and within one (1) year of the commencement of the action.

1/2089814.1

5.      This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)      Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)      Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

## I. DIVERSITY OF CITIZENSHIP

6.      This action is properly removed under 28 U.S.C. § 1441 (a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a)      The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --

> (1)      citizens of different States . . ..

7.      This case is removable to this Court under 28 U.S.C. § 1332.   Upon information and belief, Plaintiffs are both citizens of Jackson, Madison County, Tennessee.  (Complaint, ¶ 1, Exh. A).

8.     Bankers Life is now, and was at the time of the commencement of this action, a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois.  Bankers Life is not a citizen of the State of Tennessee.

9.     Ms. Wood is a citizen of Shelby County, Tennessee.  While Ms. Wood's Tennessee residency would theoretically prevent jurisdiction pursuant to 28 U.S.C. § 1332(a), the Plaintiffs have no colorable cause of action against Ms. Wood and her involvement should be disregarded for purposes of determining jurisdiction.  Wilson v. Republic Iron & Steele Co., 257 U.S. 92, 97 (1921) (holding that a defendant's right to remove a case to federal court based upon diversity jurisdiction "cannot be defeated by fraudulent joinder of a resident defendant having no real connection with the controversy."); Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) ("this Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds"); Jerome-Duncan, Inc. v. Auto-By-Tel, LLC, 176 F.3d 904, 907 (6th Cir. 1999) ("Under the doctrine of fraudulent joinder, the inquiry is whether [plaintiff] had at least a colorable cause of action against" the non-diverse defendant in the forum state's courts).

10.     The only logical conclusion is that Ms. Wood has been joined in this action merely to prevent removal.

11.     On or about April 3, 2008, Plaintiffs sued Bankers Life in Edmund and Marion Martin v. Bankers Life and Casualty Co., Inc., Case No. C-08-99, in the Circuit Court for Madison County, Tennessee at Jackson (hereinafter referred to as the "2008 Lawsuit").  The 2008 Lawsuit was removed to the United States District Court for the

- 4 -

Western District of Tennessee, Eastern Division, Case No. 1:08-cv-01217-JDB.   A copy of the 2008 Lawsuit is attached hereto as **Exhibit B**.

12.     In the 2008 Lawsuit, Plaintiffs asserted claims for breach of contract, violation of the Tennessee Consumer Protection Act, bad faith, and breach of the covenant of good faith and fair dealing as related to Plaintiffs' long-term care policy issued by Bankers Life.  Notably, the claims asserted in the 2008 Lawsuit are almost identical to the claims asserted in the instant action and arise from the same insurance policy.  Additionally, Ms. Wood was not a named party in the 2008 Lawsuit.

13.     Plaintiffs' 2008 Lawsuit was based on a long-term care policy issued by Bankers Life on June 22, 2001 – the same insurance policy that is at issue in the instant case.

14.     In the 2008 Lawsuit, Plaintiffs complained about the benefits payable under the policy, disputing the accuracy of the monthly benefit they were receiving. (Exh. B, ¶¶ 8-9).  Plaintiffs further alleged that they were entitled to a benefit of $73,000 associated with care received from an assisted living facility.  (Id. at ¶ 6).

15.     Ultimately, Plaintiffs and Bankers Life reached a confidential settlement agreement and the 2008 Lawsuit was dismissed with prejudice.  (See Judgment in a Civil Case, attached hereto as **Exhibit C**).  A copy of the Confidential Release, Settlement Agreement and Covenant Not to Sue ("Confidential Settlement Agreement"), dated November 20, 2008, will be filed with the Court under seal.

16.     Despite releasing all of their claims against Bankers Life and other released parties, which include Wood, that were or could have been asserted in the 2008 Lawsuit, Plaintiffs now attempt to assert claims based on the maximum benefit for any

- 5 -

one period of expense provision included in the same Bankers Life policy that was the subject of the 2008 Lawsuit.  Specifically, Plaintiffs base their claims against Wood on the allegation that when Wood took Plaintiffs' 2001 policy application, she "represented to the Martins that the terms of the 1990 and 1994 policies would remain the same, including lifetime benefits."  (Complaint, ¶ 15, Exh. A).

17.    In the current Complaint, Plaintiffs allege that contrary to Wood's representations in 2001, they were advised of the $73,000 maximum benefit by letter dated March 16, 2010.   (Complaint, ¶ 21, Exh. A).   Clearly, this allegation is a transparent attempt to circumvent the obvious release and statute of limitations bars to Plaintiffs' claims.  Plaintiffs cannot now assert that they were not aware of the $73,000 maximum benefit, when the $73,000 maximum benefit was clearly at issue in their 2008 Lawsuit (Exh. B., ¶ 6).  The 2008 Lawsuit was resolved by the Confidential Settlement Agreement.  Therefore, all of Plaintiffs' claims in the present lawsuit were previously released.

18.    Plaintiffs allege that Ms. Wood's actions constitute unfair and deceptive conduct in violation of the Tennessee Consumer Protection Act.  (Complaint, ¶ 31, Exh. A).  This claim is barred by the 2008 Confidential Settlement Agreement.  Additionally, Plaintiffs' claim for unfair and deceptive conduct is not timely, as there is a one (1) year statute of limitations for claims of unfair and deceptive conduct in violation of the Tennessee Consumer Protection Act.  See Tenn. Code Ann. § 47-18-110.  Therefore, this is not a colorable cause of action against Ms. Wood and, accordingly, Ms. Wood is fraudulently joined.  See Coyne, 183 F.3d at 493; Jerome-Duncan, Inc., 176 F.3d at 907.

- 6 -

19.     Plaintiffs further allege that Ms. Wood's conduct is in bad faith and a violation of Tenn. Code. Ann. § 56-7-105, *et seq*.  (Complaint, ¶ 34, Exh. A).

20.     Tennessee law provides a statutory remedy for bad faith refusals to pay an insured for losses occurred pursuant to the insurance policy at issue.  More specifically, the statute provides in relevant part that:

> insurance   companies   and…other   persons…doing   an insurance…business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy…shall be held liable to pay the holder of the policy…, a sum not exceeding twenty-five percent (25%) on the liability for the loss.

Tenn. Code Ann. § 56-7-105(a).

21.     However, Ms. Wood is merely an independent contractor agent of Bankers Life and is not responsible for any decisions made regarding payment of claims.  It is well established in Tennessee that an insurance agent is not liable for the twenty-five percent statutory penalty.  See Tenn. Code Ann. § 56-7-105(a), n.9 (citing Triolo v. Treadwell & Harry, Inc., 371 S.W.2d 169 (Tenn. Ct. App. 1963) (holding that "[t]wenty-five percent statutory penalty for failure to pay loss covered by [insurance] policy was applicable only in suit  against insurer, not in suit against agency which issued policy on behalf of insurer.")).

22.     Additionally, Plaintiffs' claim for bad faith refusal to pay is not timely, as there is a one (1) year statute of limitations for such a claim.  See Tenn. Code Ann. § 28-3-104(a); Wynne v. Stonebridge Life Ins. Co., 694 F. Supp. 2d 871, 879 (W.D. Tenn. 2010) (holding that there is a "one-year statute of limitations period applicable to 'actions for statutory penalties.'  The bad faith statute is penal in nature.").

- 7 -

23.     Even if Plaintiffs' bad faith claim against Wood was not barred for the reasons set forth above, which it is, Plaintiffs released the claim in the Confidential Settlement Agreement.

24.     Therefore, this is not a colorable cause of action and Ms. Wood is fraudulently joined in Plaintiffs' bad faith claim.  See Coyne, 183 F.3d at 493; Jerome-Duncan, Inc., 176 F.3d at 907.

25.     Plaintiffs also allege that Ms. Wood's conduct is in violation of the covenant of good faith and fair dealing in the performance of a contract.  (Complaint, ¶ 37, Exh. A).  However, Plaintiffs' claim for breach of the covenant of good faith and fair dealing cannot stand against Ms. Wood, because she is not a party to the insurance contract.

26.     Plaintiffs cannot and did not assert a claim for breach of contract as to Ms. Wood.  (Complaint, ¶ ¶ 27-29, Exh. A).  There was no such assertion because Ms. Wood is not a party to the contract, which is between Bankers Life and Mr. Martin only.  (See Policy, Exhibit D to Plaintiffs' Complaint, Exh. A).

27.     Under Tennessee law, a claim based on the implied covenant of good faith and fair dealing first requires that the party asserting the claim demonstrate that there was a contract between the parties.  "[A] claim based on the implied covenant of good faith and fair dealing is not a stand alone [sic] claim; rather, it is part of an overall breach of contract claim."  Jones v. LeMoyne-Owen College, 308 S.W.3d 894, 907 (Tenn. Ct. App. 2009).  While it is true that "every contract contains an implied covenant of good faith and fair dealing, there must first be a contract to contain the covenant."  Id. (citations omitted).  Plaintiffs attempt to assert a stand-alone claim for breach of the implied

1/2089814.1

covenant of good faith and fair dealing as to Ms. Wood.  But, there is no contract between Plaintiffs and Ms. Wood and, therefore, there can be no claim for breach of the implied covenant of good faith and fair dealing as to Ms. Wood.  See id.

28.     Even if Ms. Wood could be construed as a party to the insurance contract, which is clearly not the case, Plaintiffs released this claim in the Confidential Settlement Agreement.

29.     Therefore, Plaintiffs' breach of the covenant of good faith and fair dealing claim is not a colorable cause of action against Ms. Wood, and Ms. Wood is fraudulently joined.

30.     Finally, Plaintiffs allege that Ms. Wood intentionally misrepresented the benefits contained in the Bankers Life policy before the policy was issued in 2001.

31.     Plaintiffs specifically allege that Ms. Wood misrepresented that the "terms of the 2001 Bankers Life policy would remain the same as the terms of the 1990 and 1994 Bankers Life policies with regard to lifetime benefits."  (Complaint, ¶ 41, Exh. A). However, Plaintiffs could not have reasonably or justifiably relied on any representations by Ms. Wood regarding the policy benefits because Plaintiffs were in possession of the policy which informed them of the benefit levels.  See Rural Developments, LLC v. Tucker, No. M2008-00172-COA-R3-CV, 2009 WL 112541 at *7-8 (Tenn. Ct. App. Jan. 14, 2009) (concluding that reliance is unreasonable where the plaintiff had the means to obtain the information needed to discover any "fraud", was put on notice of the documents, but nevertheless did not inquire as to what the documents were.  "Where information is reasonably discovered…[plaintiff] cannot claim reasonable reliance upon a misrepresentation.") (copy attached).

- 9 -

32.    Not only did Plaintiffs have written documents informing them of the policy's maximum benefit for any one period of expense, but Plaintiffs themselves referenced the $73,000 maximum benefit in their 2008 Lawsuit.  (Exh. B, ¶ 6).

33.    Because Plaintiffs could not have reasonably or justifiably relied on the alleged misrepresentation, Plaintiffs' claim fails.  See Rural Developments, LLC, 2009 WL 112541 at *7-8.

34.    Additionally, Plaintiffs' claim for intentional misrepresentation is not timely, as there is a three (3) year statute of limitations for such a claim.  See Tenn. Code Ann. § 28-3-105; Medical Education Assistance Corp. v. State/East Tennessee State Univ. Quillen College of Medicine, 19 S.W.3d 803, 817 (Tenn. Ct. App. 1999). Plaintiffs allege that they were induced to enter into the contract by Ms. Wood's alleged representations in 2001 during the application for the Bankers Life policy at issue – which is more than nine years ago, and well beyond the three year statute of limitations.

35.    Further, an essential element of any claim for misrepresentation is that the alleged statement must be false.  See Stanfill v. Mountain, 301 S.W.3d 179, 188 (Tenn. 2009) (holding that a claim for intentional misrepresentation must include the following elements:  (1) a representation of an existing or past fact; (2) the representation was false when made; (3) the representation is of a material fact; (4) the false representation was made knowingly or without regard for or belief in its truth; (5) plaintiff reasonably relied on the misrepresentation; and (6) plaintiff was injured as a result of the misrepresentation.).  However, the statements that form the basis of Plaintiffs' claim are not false.

36.     Plaintiffs allege that Ms. Wood "intentionally misrepresented to the Plaintiffs that the 2001 Bankers Life contract for long-term care insurance they were entering into provided for <u>lifetime benefits</u> under the policy…." (Complaint, ¶ 40, Exh. A) (emphasis added).

37.     However, even taking Plaintiffs' allegation as true, this is not a false statement because the policy provides a maximum benefit for any one period of expense, but does not include a lifetime maximum benefit. (Policy Schedule (original) and Policy Schedule (Current Benefits/Premiums Effective:   04/22/06), Exh. D to Plaintiffs' Complaint, Exh. A; Policy, p. 6.  ("Benefit Limitations"), p. 12 ("Restoration of Policy Benefits"), Exh. D. to Plaintiffs' Complaint, Exh. A).

38.     Even if the Court were to conclude that there is a claim for intentional misrepresentation against Ms. Wood, which as shown herein, there is not, Plaintiffs released this claim in 2008.  Therefore, for all of these reasons, Plaintiffs do not have a colorable cause of action against Ms. Wood in intentional misrepresentation,  and Ms. Wood is fraudulently joined.  <u>See</u> <u>Coyne</u>, 183 F.3d at 493; <u>Jerome-Duncan, Inc.</u>, 176 F.3d at 907.

39.     This Court should look beyond Ms. Wood, the fraudulently joined defendant, and assert jurisdiction.  <u>Coyne v. Am. Tobacco Co.</u>, 183 F.3d 488, 493 (6th Cir. 1999); <u>Jerome-Duncan, Inc. v. Auto-By-Tel, LLC</u>, 176 F.3d 904, 907 (6th Cir. 1999) ("Under the doctrine of fraudulent joinder, the inquiry is whether [plaintiff] had at least a colorable cause of action against" the non-diverse defendant in the forum state's courts.).

40.     Moreover, "the citizenship upon which the diversity is claimed must be of plaintiffs and defendants who are 'real and substantial parties to the controversy.'"

- 11 -

Johnson v. Hill Bros. Trans., Inc., 262 F. Supp. 2d 889, 891 (E.D. Tenn. 2003) (citing Navarro Sav. Ass'n. v. Lee, 446 U.S. 458, 460 (1980)).  "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  Id. at 891 (citing Navarro, 446 U.S. at 461); see also Certain Interested Underwriters at Lloyd's , London, England v. Layne, 26 F.3d 39, 42 (6th Cir. 1994) (holding that if "one of the 'nondiverse' parties is not a real party in interest, and is purely a formal or nominal party, his or its presence may be ignored in determining jurisdiction.").  Ms. Wood is not a real party in interest, as Plaintiffs have failed to state a claim against her.

41.    Therefore, it is clear that Ms. Wood was joined as a party to this action merely to prevent removal.  As such, Ms. Wood should be disregarded for the purpose of determining jurisdiction and the Court should hold that removal of the State Court Action is proper under 28 U.S.C. § 1441.

## II.  AMOUNT IN CONTROVERSY

42.    The amount in controversy requirement clearly exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs.

43.    In this case, Plaintiffs have filed suit asserting claims for breach of contract, violation of the Tennessee Consumer Protection Act, bad faith, breach of the covenant of good faith and fair dealing, and intentional misrepresentation.

44.    In their prayer for relief, Plaintiffs allege that they are entitled to compensatory damages, punitive damages, and/or treble damages, as well as attorneys' fees.  The policy at issue has a benefit of $73,000.00 per any one period of expense, per

insured. Therefore, Plaintiffs' claims meet the amount in controversy requirement for jurisdiction.

### III.  OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

45.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

46.    Pursuant to 28 U.S.C. § 1446, true and correct copies of all the pleadings, process, and orders received by Defendants prior to filing this Notice of Removal are attached hereto as Exhibit A and incorporated herein by this reference.

47.    Pursuant to the provisions of 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Madison County, Tennessee and is being served on Plaintiffs.

**WHEREFORE**, Bankers Life requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Madison County, Tennessee, to the United States District Court for the Western District of Tennessee, Eastern Division.

DATED this the 11th day of October, 2010.

1/2089814.1

Respectfully submitted,


s/ Joycelyn J. Eason
Joycelyn J. Eason (No. 027197)
jeason@babc.com
BRADLEY ARANT BOULT CUMMINGS LLP
Bank of America Corporate Center
100 N. Tryon St., Suite 2690
Charlotte, NC  28202
Telephone (704)338-6000
Fax (704) 332-8858

*Attorney for Defendant Bankers Life and Casualty Company*


## CERTIFICATE OF SERVICE


I hereby certify that a copy of the foregoing is being forwarded via U.S. Mail, postage prepaid, to:

Wesley A. Clayton
WALDROP & HALL, P.A.
106 S. Liberty Street
Post Office Box 726
Jackson, TN  38301

on this the 11th day of October, 2010.

s/ Joycelyn J. Eason
Joycelyn J. Eason

- 14 -